U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 2 2 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**REID HUMPHREY**                                                            **PLAINTIFF**

V.                  CASE NO. 13-1029

SCOTT SNELL, In His Individual and Official
Capacities as a Police Officer with the El Dorado
Police Department; DARREN MARTIN,
In His Individual and Official Capacities as a
Lieutenant with the El Dorado Police Department;
STEVE ADAMS, In His Individual
and Official Capacities as a Corporal with the
El Dorado Police Department; RICKY ROBERTS,
In His Individual and Official Capacities as Former
Chief of Police for the City of El Dorado, Arkansas;
BILLY WHITE, In His Individual and Official
Capacities as Chief of Police for the City of El Dorado,
Arkansas; EL DORADO POLICE DEPARTMENT;
CITY OF EL DORADO, ARKANSAS; and
JOHN DOES 1-10                                       **DEFENDANTS**

## COMPLAINT

The Plaintiff, Reid Humphrey, by and through his attorney, Robert L. Depper, Jr., brings this Complaint and alleges the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The Defendants are residents of El Dorado, Arkansas, and the events giving rise to the causes of action contained in this Complaint occurred in El Dorado, Arkansas.

### II. PARTIES

3. The Plaintiff, Reid Humphrey, is a resident of El Dorado, Arkansas.

1

4. The Defendant, Scott Snell, is a resident of El Dorado, Arkansas. He is a police officer with the El Dorado Police Department.

5. The Defendant, Darren Martin, is a resident of El Dorado, Arkansas. He is a Lieutenant with the El Dorado Police Department.

6. The Defendant, Steve Adams, is a resident of El Dorado, Arkansas. He is a Corporal with the El Dorado Police Department.

7. The Defendant Ricky Roberts is a resident of El Dorado, Arkansas. He is the former Chief of Police for the City of El Dorado, Arkansas, and maintained the position as Chief of Police for the City of El Dorado, Arkansas when the events giving rise to this Complaint occurred. As Chief of Police for the City of El Dorado, Arkansas, Defendant Roberts was a final authority for making decisions with respect to the El Dorado Police Department in El Dorado, Arkansas.

8. The Defendant Billy White is a resident of El Dorado, Arkansas. He is the Chief of Police for the City of El Dorado, Arkansas. As Chief of Police for the City of El Dorado, Arkansas, Defendant White is a final authority for making decisions with respect to the El Dorado Police Department in El Dorado, Arkansas.

9. The El Dorado Police Department is a municipal department of the City of El Dorado, Arkansas, for which Defendants Scott Snell, Darren Martin, and Steve Adams serve as police officers, Defendant Ricky Roberts served as Chief of Police, and Defendant Billy White currently serves as Chief of Police.

10. The Defendant City of El Dorado, Arkansas, is a political subdivision of the State of Arkansas, for which Defendants Scott Snell, Darren Martin, and Steve Adams serve as

police officers, Defendant Ricky Roberts served as Chief of Police, and Defendant Billy White currently serves as Chief of Police.

11. The Separate Defendants John Does 1-10 are individuals as yet unknown to the Plaintiff Reid Humphrey, but whose action or inaction contributed to the causes of action contained in this Complaint.

### III. STATEMENT OF FACTS

12. On March 24, 2012, a call was made to the El Dorado Police Department regarding an unconscious or unresponsive female, later identified as Felicia Talley, in a vehicle parked at the Econo Lodge in El Dorado, Arkansas.

13. Defendants Snell, Martin and Adams responded to the call.

14. The events of the night of March 24, 2012, were recorded by a surveillance camera at the Econo Lodge.

15. A copy of the surveillance video is attached to this Complaint, marked as Exhibit "A."

16. Upon arriving on scene, Defendants Snell, Martin and Adams made contact with Felicia Talley.

17. Plaintiff Reid Humphrey appears in the surveillance video at approximately 10:09 p.m. He approaches Defendants Martin and Adams and appears to talk to them.

18. Following a brief conversation with Defendants Martin and Adams, Plaintiff Reid Humphrey places his hands behind is back and walks away.

19. At approximately 10:10 p.m., Defendant Martin approaches Plaintiff Reid Humphrey. This exchange is outside the view of the surveillance camera.

20. At this point, the parking lot is empty except for the patrol units of Defendants Snell, Martin and Adams, and Felicia Talley's vehicle.

21. At approximately 10:12 p.m., Plaintiff Reid Humphrey walks back into the Econo Lodge, and Defendant Martin rejoins Defendants Snell and Adams as they continue to talk to Felicia Talley.

22. At approximately 10:13 p.m., Plaintiff Reid Humphrey walks out of the Econo Lodge and hands the keys to Felicia Talley's car to Defendant Martin.

23. After handing the keys to Defendant Martin, Plaintiff Reid Humphrey places his hands behind his back and steps back from where Defendants Snell, Martin and Adams are continuing the arrest of Felicia Talley.

24. At approximately 10:14 p.m., Defendant Martin approaches Plaintiff Reid Humphrey. There is a brief conversation, during which Defendant Martin makes a gesture for Plaintiff Reid Humphrey to leave.

25. Plaintiff Reid Humphrey turns to walk back into the Econo Lodge. At this time, Defendant Martin grabs Plaintiff Reid Humphrey from behind, thus seizing him, and throws him on Defendant Adams' patrol unit.

26. Plaintiff Reid Humphrey is not resisting Defendant Martin.

27. Defendants Snell and Adams approach Defendant Martin and Plaintiff Reid Humphrey.

28. Defendant Martin slams Plaintiff Reid Humphrey's head into the trunk area of Defendant Adams' patrol unit. He then punches Plaintiff Reid Humphrey in the head and knees him four times.

29. Defendant Snell punches Plaintiff Reid Humphrey six times in the head.

4

30. The punches and kicks to Plaintiff Reid Humphrey's body are so forceful that the patrol unit shakes.

31. Defendant Adams holds onto Plaintiff Reid Humphrey while Defendants Martin and Snell administer blows.

32. Plaintiff Reid Humphrey is handcuffed, patted down, and then placed in Defendant Adams' patrol unit.

33. Defendants Snell and Adams leave the scene and Defendant Martin remains, appearing to make his report and search Felicia Talley's vehicle.

34. Following these events, Defendants Martin and Adams observe dents to Defendant Adams' patrol unit in the area where Plaintiff Reid Humphrey was arrested.

35. Plaintiff Reid Humphrey was charged with obstructing government operations, disorderly conduct, and refusal to submit.

36. On December 7, 2012, a trial was held in Union County District Court on the obstructing government operations, disorderly conduct, and refusal to submit charges filed against Plaintiff Reid Humphrey. The Honorable Phil Foster presided.

37. During the December 7, 2012, trial, Defendants Snell, Martin and Adams testified and the surveillance video was viewed.

38. Upon motion by counsel for Plaintiff Reid Humphrey, Judge Foster dismissed the charges against Plaintiff Reid Humphrey.

39. The El Dorado Police Department did not conduct an internal review of the actions of Defendants Snell, Martin or Adams on the night of March 24, 2012.

40. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas failed to respond to previous complaints of acts of battery, negligence and outrage, committed by Defendants Snell, Martin and Adams.

41. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas failed to respond to previous complaints of violations of individuals' rights protected under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution committed by Defendants Snell, Martin and Adams.

42. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas failed to respond to previous complaints of violations of individuals' rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas committed by Defendants Snell, Martin and Adams.

43. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas failed to respond to previous complaints of violations of 42 U.S.C. § 1983 committed by Defendants Snell, Martin and Adams.

44. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas, failed to respond to previous complaints of violations of individuals' rights protected under the Arkansas Civil Rights Act of 1993, Ark Code Ann. § 16-123-101 *et seq.*, committed by Defendants Snell, Martin and Adams.

45. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas were aware, or should have been aware, of the propensity of Defendants Snell, Martin and Adams to commit acts of battery, negligence and outrage against individuals.

6

46. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas were aware, or should have been aware, of the propensity of Defendants Snell, Martin and Adams to violate individuals' rights protected under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

47. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas were aware, or should have been aware, of the propensity of Defendants Snell, Martin and Adams to violate individuals' rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas.

48. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas were aware, or should have been aware, of the propensity of Defendants Snell, Martin and Adams to violate 42 U.S.C. § 1983.

49. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas were aware, or should have been aware of the propensity of Defendants Snell, Martin and Adams to violate individuals' rights protected under the Arkansas Civil Rights Act of 1993, Ark Code Ann. § 16-123-101 *et seq*.

50. Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are responsible for the training and supervision of Defendants Snell, Martin and Adams.

51. Even with knowledge of the facts contained in the preceding paragraphs, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas, inadequately trained Defendants Snell, Martin and Adams, and were deliberately indifferent to the inadequate training.

52. Even with knowledge of the facts contained in the preceding paragraphs, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas inadequately supervised Defendants Snell, Martin and Adams, and were deliberately indifferent to the inadequate supervision.

53. Violating individuals' First Amendment rights to free speech is so well settled and widespread in the El Dorado Police Department, that Defendants Roberts and White had either actual or constructive knowledge of its use, yet did nothing to end the use.

54. Arresting individuals without probable cause is so well settled and widespread in the El Dorado Police Department, that Defendants Roberts and White had either actual or constructive knowledge of its use, yet did nothing to end the use.

55. The use of excessive force is so well settled and widespread in the El Dorado Police Department, that Defendants Roberts and White had either actual or constructive knowledge of its use, yet did nothing to end the use.

## IV. CAUSES OF ACTION

### COUNT I
### Violation of Plaintiff's Rights Under the First Amendment of the United States Constitution

56. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

57. Plaintiff Reid Humphrey's rights protected under the First Amendment of the United States Constitution were violated when he was arrested by Defendants Snell, Martin and Adams for legal statements made during the investigation and arrest of Felicia Talley.

58. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of Plaintiff Reid Humphrey's rights protected under the First Amendment of the United States Constitution. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the First Amendment violations committed by Defendants Snell, Martin and Adams.

## COUNT II
### Violation of Plaintiff's Rights Under the Fourth Amendment of the United States Constitution

59. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

60. Plaintiff Reid Humphrey's rights protected under the Fourth Amendment of the United States Constitution were violated when he was arrested without probable cause by Defendants Snell, Martin, and Adams for obstructing government operations, disorderly conduct and refusal to submit.

61. Plaintiff Reid Humphrey's rights protected under the Fourth Amendment of the United States Constitution were violated when Defendants Snell, Martin and Adams used objectively unreasonable force, excessive force, against him on the night of March 24, 2012.

62. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of Plaintiff Reid Humphrey's rights protected under the Fourth Amendment of the United States Constitution. Therefore, Defendants Roberts, White, the

El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the Fourth Amendment violations committed by Defendants Snell, Martin and Adams.

## COUNT III
### Violation of Plaintiff's Rights Under the Eighth Amendment of the United States Constitution

63. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

64. Upon Defendant Martin's seizure of Plaintiff Reid Humphrey's person, Plaintiff Reid Humphrey's freedom was limited, he was under arrest, he was under the authority of the El Dorado Police Department, and he was the responsibility of the El Dorado Police Department.

65. Once under arrest, Defendants Snell, Martin and Adams had a duty to protect Plaintiff Reid Humphrey from cruel and unusual punishment.

66. Plaintiff Reid Humphrey's rights protected under the Eighth Amendment of the United States Constitution were violated when without information Defendants Snell, Martin and Adams beat him. The beating constituted unnecessary and wanton infliction of pain.

67. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of Plaintiff Reid Humphrey's rights protected under the Eighth Amendment of the United States Constitution. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff

Reid Humphrey for the Eighth Amendment violations committed by Defendants Snell, Martin and Adams.

## COUNT IV
### Violation of Plaintiff's Rights Under the Fourteenth Amendment of the United States Constitution

68. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

69. Plaintiff Reid Humphrey's rights protected under the Fourteenth Amendment of the United States Constitution were violated when Defendants Snell, Martin, and Adams beat Plaintiff Reid Humphrey, thus using excessive force, on the night of March 24, 2012.

70. The actions taken by Defendants Snell, Martin and Adams are so egregious, so outrageous, that they shock the conscious.

71. The actions taken by Defendants Snell, Martin and Adams violated Reid Humphrey's fundamental right to be free from excessive force and the right to due process.

72. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of Plaintiff Reid Humphrey's rights protected under the Fourteenth Amendment of the United States Constitution. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the Fourteenth Amendment violations committed by Defendants Snell, Martin and Adams.

## COUNT V
### Violation of 42 U.S.C. § 1983

73. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

74. Through their violation, under color of state law, of Plaintiff Reid Humphrey's First, Fourth, Eighth and Fourteenth Amendment rights protected under the Constitution of the United States, Defendants Snell, Martin and Adams violated 42 U.S.C. § 1983.

75. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of 42 U.S.C. § 1983. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the violations of 42 U.S.C. § 1983 committed by Defendants Snell, Martin and Adams.

## COUNT VI
### Violation of Plaintiff's Rights Under Article 2, Section 15 of the Constitution of the State of Arkansas

76. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

77. Plaintiff Reid Humphrey's rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas to be free from unreasonable seizure was violated by Defendants Snell, Martin and Adams when he was unlawfully arrested, without probable cause, for obstructing government operations, disorderly conduct and refusal to submit.

78. Plaintiff Reid Humphrey's rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas to be free from unreasonable seizure were violated

when Defendants Snell, Martin and Adams used objectively unreasonable force, excessive force, against him on the night of March 24, 2012.

79. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of Plaintiff Reid Humphrey's rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the violations of Article 2, Section 15 of the Constitution of the State of Arkansas committed by Defendants Snell, Martin and Adams.

### COUNT VII
### Violation of Plaintiff's Rights Under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*

80. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

81. Plaintiff Reid Humphrey's rights protected under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*, were violated by Defendants Snell, Martin and Adams when he was unlawfully arrested, without probable cause, for obstructing government operations, disorderly conduct and refusal to submit.

82. Plaintiff Reid Humphrey's rights protected under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*, were violated when Defendants Snell, Martin and Adams used objectively unreasonable force, excessive force, against him on the night of March 24, 2012.

83. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas

led to the violation of Plaintiff Reid Humphrey's rights protected under the Arkansas Civil Rights Act of 1993, Ark Code Ann. § 16-123-101 *et seq.* Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for violations of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*, committed by Defendants Snell, Martin and Adams.

## COUNT VIII
### Tort of Outrage

84. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

85. Plaintiff Reid Humphrey suffered physical and mental harm as a result of Defendants Snell, Martin, and Adams' intentional and outrageous conduct, particularly their use of excessive force against Plaintiff Reid Humphrey and their illegal arrest of Plaintiff Reid Humphrey.

86. Defendants Snell, Martin and Adams intended to inflict physical and emotional distress on Plaintiff Reid Humphrey, or should have known that physical and emotional distress were the likely result of the excessive force used against Plaintiff Reid Humphrey and the illegal arrest of Reid Humphrey.

87. The conduct of Defendants Snell, Martin and Adams was extreme and outrageous, beyond all possible bounds of decency, and is utterly intolerable in a civilized community.

88. The actions of Defendants Snell, Martin and Adams were the cause of Plaintiff Reid Humphrey's distress.

89. The physical and emotional distress sustained by Plaintiff Reid Humphrey were so severe that no reasonable person could be expected to endure it.

90. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the intentional and outrageous conduct of Defendants Snell, Martin and Adams. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the tort of outrage committed by Defendants Snell, Martin and Adams.

## COUNT IX
### Tort of Negligence

91. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

92. Defendants Snell, Martin and Adams were negligent in their excessive use of force against Plaintiff Reid Humphrey and their illegal arrest of Plaintiff Reid Humphrey.

93. Defendants Snell, Martin and Adams, as police officers with the El Dorado Police Department, owed Plaintiff Reid Humphrey a duty of care.

94. Defendants Snell, Martin and Adams breached their duty of care to Plaintiff Reid Humphrey.

95. Through the breach of their duty of care, Defendants Snell, Martin and Adams directly caused injury to Plaintiff Reid Humphrey.

96. Plaintiff Reid Humphrey suffered damages as a result of the negligence of Defendants Snell, Martin and Adams.

97. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas

led to the negligent acts committed by Defendants Snell, Martin and Adams. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the tort of negligence committed by Defendants Snell, Martin and Adams.

## COUNT X
**Tort of Battery**

98. Plaintiff Reid Humphrey repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

99. Through their intentional and harmful use of excessive force, Defendants Snell, Martin and Adams committed a battery upon Plaintiff Reid Humphrey.

100. Plaintiff Reid Humphrey suffered multiple physical and emotional injuries as a result of the battery committed upon him by Defendants Snell, Martin and Adams.

101. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the tort of battery committed upon Plaintiff Reid Humphrey by Defendants Snell, Martin and Adams. Therefore, Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas are liable to Plaintiff Reid Humphrey for the tort of battery committed by Defendants Snell, Martin and Adams.

## V. CONCLUSION

102. Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas violated Plaintiff Reid Humphrey's rights under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States.

103. Through their violation, under color of state law, of Plaintiff Reid Humphrey's rights under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas violated 42 U.S.C. § 1983.

104. Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas violated Plaintiff Reid Humphrey's rights under Article 2, Section 15 of the Constitution of the State of Arkansas.

105. Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas violated Plaintiff Reid Humphrey's rights under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 *et seq.*

106. Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Depa0rtment and the City of El Dorado, Arkansas committed the torts of outrage, negligence, and battery against Plaintiff Reid Humphrey.

107. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violations of Plaintiff Reid Humphrey's rights protected under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States.

108. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violation of 42 U.S.C. § 1983.

109. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas

led to the violations of Plaintiff Reid Humphrey's rights protected under Article 2, Section 15 of the Constitution of the State of Arkansas.

110. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the violations of Plaintiff Reid Humphrey's rights protected under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 *et seq.*

111. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas led to the torts of outrage, negligence and battery committed against Plaintiff Reid Humphrey.

## VI. PRAYER

112. Plaintiff Reid Humphrey hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

113. Plaintiff Reid Humphrey hereby requests judgment against Defendants Snell, Martin, Adams, Roberts and White in their individual capacities.

114. Plaintiff Reid Humphrey hereby requests judgment against Defendants Snell, Martin, Adams, Roberts and White in their official capacities as employees of the City of El Dorado, Arkansas.

115. Plaintiff Reid Humphrey hereby requests judgment against the El Dorado Police Department and the City of El Dorado, Arkansas.

116. The policies, practices, procedures and customs established by Defendants Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas

led to the violations of Plaintiff Reid Humphrey's rights protected under the Constitution of the United States, the Constitution of the State of Arkansas, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 *et seq.*, as well as to the torts of outrage, negligence and battery committed upon Plaintiff Reid Humphrey.

117. Plaintiff Reid Humphrey hereby requests compensatory and punitive damages against Defendants Snell, Martin, Adams, Roberts, White, the El Dorado Police Department and the City of El Dorado, Arkansas. The amount of said judgment shall exceed that required for federal jurisdiction, the specific amount of which will be more particularly proved at trial.

118. Plaintiff Reid Humphrey hereby requests attorney's fees and costs.

                                      Respectfully submitted,

                                      Attorney for Reid Humphrey

                                      Robert L. Depper, Jr.
                                      Arkkanas Bar No. 81046
                                      101 West Main
                                      El Dorado, AR 71730
                                      (870) 862-5505